*222 MEMORANDUM
BT THE COURT.
The spur track or siding for the use and maintenance of-which suit is brought was built by and remained the property of the plaintiff, and was used in its business. A reasonable *223 inference to be drawn from the facts is that its construction was undertaken by plaintiff as a part of the general plan to have the training camp located at the Physick farm. The plaintiff’s president wrote Mr. Newhall on June 18 to the effect that he noted that the Navy Department had “ definitely decided ” to locate the training camp at the place mentioned, and accordingly he had “instructed our people” to see that the siding was promptly constructed to the farm. The facts show that another railroad had sought permission to connect its line with the camp. Mr. Newhall did not have or claim to have any authority to create a liability upon the Government for the building or maintenance of the track, and the plaintiff’s agents well knew this fact. It was not at any time suggested that plaintiff expected to be compensated for the work. Several months after the work was completed and the siding was being used by plaintiff in delivering passengers and property at the camp site the plaintiff’s superintendent visited the commandant and stated that he was informed that the Government contemplated reimbursing the railroad companies which had constructed sidings into military cantonments for so much of the sidings as were constructed inside the Government-controlled property, and he accordingly requested the officer to transmit a letter he had addressed to the Navy Department on that subject. In this letter he asked compensation for materials used and labor employed in constructing the tracks within the boundaries of the cantonment. The Government, declining to pay for the labor employed, did pay for the cost of the materials, and this amount was received by plaintiff without any objection. No claim was then or before that time made for the portion of the track outside the cantonment. The plaintiff says there was no express contract, and the facts fall very short of creating an implied contract. “A promise to pay for services can only be implied when the court can see that they were rendered in such circumstances as authorized the party performing to entertain a reasonable expectation of their payment by the party benefited.” Coleman case, 152 U. S. 96, 99. In the Russell case, 13 Wall. 623, 631, relied upon by plaintiff, it definitely appeared that the Government took control of the steamers in question; that *224 its officers intended “ to compel the masters and crews with the steamers to perform the services needed, and that the United States should pay a reasonable compensation for such services, and that such was the understanding of the owner.’'" No such facts appear in the instant case. The plaintiJf was greatly benefited by the location of the camp. It carried thousands of passengers as well as large tonnage, and exercised a like control over the spur track and its main line. The Government did not undertake to pay for the spur track or its maintenance, and the petition should be dismissed. And it is so ordered.