*892 MEMORANDUM BT THE COURT
The spur track for the construction of which suit is brought was built by the plaintiff and remained its property and was used in its business.
The track was built as the result of a telegram from J. W. Everman to the general manager of the plaintiff’s road. Mr. Everman was not an officer of the United States and consequently had no authority, and did not claim to have authority, to create a liability upon the Government for the construction of this track, and the plaintiff’s agents well knew this fact. Neither did Captain Burnham have authority to contract for the construction of this track; he claimed no such authority, and no action of his indicated that he was undertaking to exercise it; on the contrary, he did and said nothing which could be by possibility construed into a promise to pay or from which a promise could be implied. The plaintiff, itself at no time suggested that *893 it expected to be compensated for tbe work done. As a matter of fact, tbe plaintiff was benefited by tbe construction of tbis spur track. It appears from the telegram set out in the findings that if tbe plaintiff had not built tbe spur track to the aviation field it would have been built by the M., K. & T. Railroad, a rival road. Tbe plaintiff by this construction was enabled to and did carry over its road many hundreds of passengers and many tons of freight which otherwise would have been carried by another carrier.
There was no undertaking by the Government to pay for this spur track, nor from the circumstances can we hold that a promise to do so was implied. Atlantia City R. R. Co. v. United States, 58 C. Cls. 215, 223; Baltimore & Ohio R. R. Co. v. United States, 261 U. S. 592, 596, 597.
The petition of the plaintiff must be dismissed
Graham, Judge, took no part in the decision of this case.